IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KATHLEEN MARIN,

    Plaintiff,

v.

XEROX CORPORATION, SEDGWICK CLAIMS MANAGEMENT SERVICES,

    Defendants.

_____/

No. C 12-06532 RS

**ORDER GRANTING MOTION TO TRANSFER**

    Kathleen Marin is a former employee of Xerox and a participant in the Xerox Corporation Long-Term Disability Income Plan ("LTD Plan"). The LTD plan is an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Plaintiff's last day at work for Xerox was in 1977. She stopped working due to a degenerative joint disease that has progressively worsened. She received LTD Plan benefits until November 9, 2012, when Sedgwick Claims Management Services informed her that the benefits were terminated. Marin seeks to recover those benefits and brings her claim under ERISA § 502(a)(1)(B).

    The current Xerox LTD Plan came into effect April 2007 and includes the following

provision:
> Section 7.14. Restriction of Venue. Any action in connection with the Plan by an Employee or beneficiary may only be brought in Federal District Court in Monroe County, New York.

As a result of this forum provision, defendants move to dismiss Marin's Complaint for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. In the alternative, defendants request this matter be transferred to the Western District of New York pursuant to 28 U.S.C. §1406(a). Marin references the LTD Plan in her Complaint, and it thus may be considered in connection with this motion.

It is undisputed that the 1977 benefits plan in place when plaintiff received benefits did not have a mandatory forum provision. The controlling document is the version of the welfare plan in effect when a participant's cause of action accrues. *Grosz-Solomon v. Paul revere Life Ins. Co.*, 237 F.3d 1154, 1160 (9th Cir. 2001) ("That she became permanently disabled and filed her disability claim while the first policy was in effect is irrelevant; it does not entitle her to invoke that plan's provisions in perpetuity."). A participant's cause of action accrues on the date the claim is denied. *See id.* at 1159 (citing *Blessing v. Deere & Co.*, 985 F.Supp. 899, 903 (S.D. Iowa 1997) ("an ERISA cause of action based on a denial of benefits accrues at the time the benefits are denied."); *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1501 (9th Cir. 1984) ("We accept the proposition that an ERISA cause of action based on a denial of benefits accrues at the time the benefits are denied."). Thus the LTD Plan in effect in 2012 when plaintiff's claim was denied, not 1977 when her benefits were first granted, is the controlling document.

Plaintiff at oral argument, however, contended that, as a preliminary matter, it must be determined whether her rights under the 1977 Plan vested at the time she initially filed for benefits. The Ninth Circuit has noted that welfare benefits, unlike pension benefits, need not ever vest, unless the employer specifically states vesting has occurred. *Grosz-Solomon* 237 F.3d at 1160. The Seventh Circuit considered vesting with respect to the Xerox 1977 LTD plan in *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771 (2003). After considering the language of the Plan, the court concluded that "rights to benefits do not accrue

prospectively. [Plaintiff] did not, upon initial determination of eligibility, accrue a right to benefits indefinitely; instead his right to those benefits accrues as the payments become due." *Id.* at 774. Similarly, the Central District of California found a plaintiff's rights under the Xerox 1977 LTD Plan had not vested, and she thus had no right to avoid the forum selection clause provided in the updated document. *Laasko v. Xerox Corp.*, 566 F.Supp.2d 1018, 1022 (C.D. Cal. 2008) (citing *Hackett*, 315 F.3d at 774). Plaintiff points to no authority in which a court found an employee's rights to have vested at the time of injury under the Xerox 1977 LTD Plan.[1]

Plaintiff argues enforcement of the forum selection clause would violate the broad venue provision of ERISA. The statute allows actions to be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Marin contends that constraining her choice of forum is contrary to this provision and against the statutory goal of providing "ready access to the Federal courts." 29 U.S.C. § 1001(b). Courts, however, have held that enforcement of forum selection clauses is not inconsistent with the terms or policy rationales of ERISA. *See e.g., Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F.Supp.2d 855, 860 (N.D. Cal. 2010) ("Nothing in the statutory language bars those negotiating ERISA plans from narrowing that menu of options to one venue in particular. As many other district courts have already observed, Congress could have – but has not – expressly barred parties from agreeing to restrict ERISA's venue provisions."); *Smith v. Aegon USA LLC*, 770 F.Supp.2d 809, 812 (D. W. Va. 2011) ("Such a contractual arrangement certainly does not conflict with ERISA's provision for 'ready access to the federal courts' 29 U.S.C.A. § 1001(b).); *Laasko*, 566 F.Supp.2d at1023 ("It is significant that § 1132(e)(2) uses the

---

[1] Even if plaintiff's rights *had* vested under the Plan, however, the result would be the same. Once vested, a *substantive* right cannot be amended. A forum selection clause does not implicate a substantive right. Rather it dictates where arguments with respect to the modification of a substantive right must be heard. Plaintiff's reliance at oral argument on *Helton v. AT&T*, 805 F.Supp.2d 223 (E.D. Va. 2011) is inapposite. In that case, the court found plaintiff had not been adequately notified of a material change in her pension plan. *Id.* at 230-31. The material change contemplated was the eligibility requirements under the plan. *Id.* at 226. Eligibility requirements, unlike a forum selection clause, go to the heart of the substantive rights provided in a benefit package. Accordingly, there is no need to examine the LTD Plan to confirm that prior decisions denying the vesting of any rights are correct.

word "may," and not "shall," in describing where actions may be brought. . . enforcement of the forum selection clause in this case is not inconsistent with the federal policy.").

Marin condemns this precedent as "wrongly decided" and relies instead on *Nicolas v. MCI Health and Welfare Plan No. 501*, 453 F.Supp.2d 972 (E.D. Tex. 2006) to argue that ERISA prohibits forum selection clauses. In *Nicolas* the court stated it "can not allow the Plan's forum selection clause to override a Congressionally enacted statutory framework aimed at assisting employees." *Id.* at 974. The court worried that doing so "would encourage a flood of new, non-negotiated "plans" containing forum selection clauses." *Id.* This district, however, has declined to adopt that reasoning. *Rodriguez*, 716 F.Supp.2d at 861 ("The Court does not share the concern articulated in *Nicolas*"). Courts in other districts have similarly declined to follow the holding of *Nicolas*. *See, e.g., Smith*, 770 F.Supp.2d at 812 (noting "*Nicolas* is the only discovered case in which the court has declined to enforce a forum selection clause because it was superseded by ERISA" and thus declining to follow it); *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 436 (S.D.N.Y. 2007) ("Although *Nicolas* correctly noted that Congress intended ERISA to 'remove jurisdictional and procedural obstacles,' and to provide beneficiaries with 'ready access to the federal courts,' nothing in ERISA's statutory text or legislative history evinces any intent by Congress to preclude private parties from limiting venue to one of the three forums permitted by the statute.") (internal citations omitted).

Moreover, the Supreme Court has reiterated that forum selection clauses are to be enforced unless they violate fundamental fairness or are the result of fraud or overreaching. *M/S Bremen v. Zapata Off-Shore Co.*, 407, U.S. 1, 15 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991) (finding venue selection clauses to be binding even if the contract in question was not negotiated). In *Laasko*, a district court in the Central District of California found that the specific forum selection clause at issue in this case was not fundamentally unfair and did not contravene public policy. 566 F.Supp.2d at 1023-24. In fact, the court stated "enforcement of the forum selection clause in this case actually advances one of the purposes of ERISA by 'bringing a measure of uniformity in an area where decisions under the same set of

facts may differ from state to state.'" *Id.* at 122 (citing *Bird v. Shearson Lehman/American Express, Inc.,* 926 F.2d 116, 122 (2d Cir.1991)). This district has similarly found that "limiting claims to one federal district encourages uniformity in the decisions interpreting that plan, which furthers ERISA's goal of enabling employers to establish a uniform administrative scheme" *Rodriguez*, 716 F.Supp.2d at 861 (internal citations omitted).

The venue selection clause contained within the updated 2007 LTD Plan is controlling, and dictates that all matters arising under the Plan must be brought in the Western District of New York. Plaintiff has presented no evidence to suggest that enforcing this clause would violate fundamental fairness. Rather, enforcement will allow this case to be heard in the district most familiar with the LTD plan at issue. Accordingly, this district is not the proper venue to hear this matter. Under 28 U.S.C. 1406(a), this Court has discretion to, in the interest of justice, transfer a case to any district in which it could have been brought. Accordingly, this matter shall be transferred to the Western District of New York for all further proceedings.

IT IS SO ORDERED.

Dated: 3/8/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE